IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

LUIS M. HERNANDEZ,

    *Defendant.*

Case No. 19-10002-02-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Luis M. Hernandez's Motion to Reduce Term of Imprisonment (Doc. 128). He seeks a reduction in his term of imprisonment by 48 months for several reasons. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

    **I.**    **Factual and Procedural Background**

On September 21, 2020, Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). On April 15, 2021, Defendant was sentenced to 168 months' imprisonment. Defendant is 43 years old, currently incarcerated at Sandstone FCI, and his projected release date is January 11, 2031. Once Defendant's sentence is complete, he will be deported to Mexico.

On November 13, 2023, Defendant filed a motion seeking a reduction of his prison term by 48 months. He states that his term of imprisonment should be reduced because prison conditions were harsh due to (1) COVID-19 from April 2020 through April 2022; (2) family circumstances, including the desire to see his teenage son and his aging mother in Mexico; (3) personal rehabilitation while in prison; and (4) recent rulings related to 18 U.S.C. § 922(g)(1).[1] The government opposes his motion.

## II.   Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[4] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is

---

[1] District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. In this case, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[6]  If, however, the Court grants the motion, the Court must address all steps.[7]

### III.     Analysis

Defendant seeks a sentence reduction due to the hardship of COVID-19 prison conditions from April 2020 to April 2022; family circumstances, including his desire to see his teenage son and spend time with his aging mother in Mexico; personal rehabilitation while in prison; and recent court rulings regarding 18 U.S.C. § 922(g)(1).  The government asserts that Defendant is not an appropriate candidate for a sentence reduction.

**A.     Exhaustion**

Defendant submitted a compassionate release request to the Warden of his facility on September 28, 2023.  He requested a reduction of sentence to 120 months due to the risk of catching COVID-19.  He also stated that a sentence reduction was appropriate because he was a non-violent offender with no criminal history, he has two children who need financial support, and he is a model inmate who will be deported upon release.  The Warden denied his request on October 11, 2023.

---

[5] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[6] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[7] *McGee*, 992 F.3d at 1043 (citation omitted).

The government partially concedes that Defendant meets the exhaustion requirement. Specifically, the government agrees that Defendant exhausted his administrative remedies on all grounds in his current motion before the Court, except for the argument challenging the constitutionality of § 922(g)(1). The government's concession that Defendant exhausted his administrative remedies as to the grounds currently before the Court is quite generous as the grounds asserted here appear quite different than the grounds submitted to the Warden. Nevertheless, the Court finds that Defendant has satisfied the exhaustion requirement in § 3582(c),[8] except for the § 922(g)(1) argument, and the Court will proceed to determine the merits of Defendant's motion.[9]

## B.    Extraordinary and Compelling Reasons

Defendant asserts that the following reasons, alone and in combination, constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A): (1) the hardship of COVID-19 prison conditions from April 2020 to April 2022; (2) family circumstances, including that he would like to see his teenage son and spend time with his aging mother in Mexico; and (3) personal rehabilitation while in prison.

In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the Court considers whether the reduction is "consistent with

---

[8] Because administrative exhaustion is a claim-processing rule, it can be waived if not asserted by the government. *See Hemmelgarn*, 15 F.4th at 1031.

[9] As to Defendant's § 922(g)(1) argument, he asserts that he is not arguing against the constitutionality of that statute, but instead offering it as an additional reason for a reduction. He contends that recent court rulings have expanded gun rights and that restrictions contained in § 922(g) may be at issue. Regardless of Defendant's argument, to the extent that he can raise it, the Tenth Circuit recently explicitly stated that "the constitutionality of the federal ban for any convicted felon's possession of a firearm" remains valid law. *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (citing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). Accordingly, Defendant's argument is improperly raised and without merit.

applicable policy statements issued by the Sentencing Commission."[10]  On November 1, 2023, the Sentencing Commission issued new sentencing guidelines, including a policy statement, which is now included within the text of the guidelines.[11]  Some of the circumstances that may be relevant when deciding if a defendant presents an extraordinary and compelling reason for a sentence reduction include: (1) the medical circumstances of the defendant;[12] (2) the age of the defendant and a serious deterioration in health; (3) the family circumstances of the defendant; (4) the defendant was the victim of sexual or physical abuse while incarcerated by or at the direction of an employee of the correctional facility; and (5) any other circumstances or combination of circumstances that are similar in gravity to the first four circumstances.[13]  In addition, an unusually long sentence may be a consideration but only if there has been a change in the law, the defendant has served at least ten years of the unusually long sentence, and the change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[14]

Here, Defendant's first argument is that prison life was harsh for two years during the height of the COVID-19 pandemic.  During these years, Defendant asserts that prisons operated

---

[10] 18 U.S.C. § 3582(c)(1); *see also McGee*, 992 F.3d at 1042.

[11] *See* U.S.S.G. § 1B1.13.  Defendant submitted his compassionate release request to the Warden on September 28, 2023—prior to the implementation of the new sentencing guidelines.  He submitted his motion to the Court after the new sentencing guidelines took effect.  As noted above, the grounds that Defendant submitted to the Court for a sentence reduction are quite different from what he submitted to the Warden, but the Court will still consider them.  And because he submitted his motion to the Court after the sentencing guidelines took effect, the Court will consider the new guidelines in conjunction with his motion.

[12] Defendant briefly states that he has had an abdominal hernia for the past two years and has received no medical attention for it, but he does not elaborate on this condition or provide any additional information.  Thus, the Court will not consider it.

[13] *Id*. at (b)(1)-(5).

[14] *Id*. at (b)(6).

under "modified operations," which affected visitation with family members, religious services, educational programming, counseling services, recreation/exercise, and vocational-technical classes." He contends that he served "hard time," and he should be awarded two days of credit for every day he served during those two years.

This argument does not establish an extraordinary and compelling reason for a reduction in sentence. Although the COVID-19 pandemic undoubtedly made prison conditions more difficult, the COVID-19 pandemic made conditions more difficult for everyone. And based on Defendant's argument, everyone who was incarcerated during the height of the COVID-19 pandemic should receive a sentence reduction because they experienced different or difficult prison conditions. In drafting the new sentencing guidelines, the Sentencing Commission was aware of the effects of COVID-19 on prison operations, and it did not identify modified, difficult, or harsh prison conditions as an extraordinary and compelling reason warranting a reduction in sentence.[15] Thus, Defendant's asserted reason is not consistent with any of the reasons set forth in U.S.S.G. § 1B1.13(b)(1)-(4).[16]

Defendant's reason also does not fall within the Sentencing Commission's catchall provision, § 1B1.13(b)(5). That provision provides that an extraordinary and compelling reason may exist if "[t]he defendant presents any other circumstances or combination of circumstances

---

[15] U.S.S.G. § 1B1.13(b)(1)(D) does provide that an extraordinary and compelling reason may include that the defendant is housed at a correctional facility being affected by an ongoing outbreak of an infectious disease or public health emergency and that defendant is at increased risk of suffering severe medical complications due to exposure to the outbreak. Defendant does not assert this reason as a basis for a sentence reduction.

[16] Defendant does not state that he is bringing any constitutional claims, but he does state that he was subject to the lack of fresh air and exercise, lack of rehabilitative programs, inhumane housing, lack of visitation, and lack of the ability to attend to spiritual needs. To the extent that Defendant attempts to assert an Eighth Amendment claim for cruel and unusual punishment due to harsh prison conditions, a motion brought under § 3582(c) is not the appropriate avenue. *See United States v. Lougee*, 2022 WL 2064893, at *3 n. 3 (D. Kan. 2022) (collecting cases that hold that compassionate release motions are not the proper vehicle for such constitutional claims).

that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Operational difficulties at prisons during the COVID-19 pandemic is not similar in gravity to the extraordinary and compelling reasons set forth in those paragraphs.

Defendant next asserts that he has a teenage son that needs his father.[17] In addition, Defendant states that his aging mother and other family members would like to spend time with Defendant in Mexico. Family circumstances can sometimes establish an extraordinary and compelling reason warranting release.[18] Specifically, § 1B1.13(b)(3) now provides that appropriate family circumstances include the death or incapacitation of the caregiver of the defendant's child, incapacitation of the defendant's spouse or registered partner, incapacitation of the defendant's parent, or incapacitation of other immediate family members. Defendant does not assert that any of these individuals are incapacitated. In addition, he does not asset that any individuals need a caregiver. Furthermore, this provision is only applicable when the defendant is the *only available caregiver* for those individuals.[19] Here, these circumstances do not exist as Defendant simply states that he would like to spend more time with his teenage son and aging mother. Accordingly, Defendant does not establish an extraordinary and compelling reason based on family circumstances. Moreover, the combination of Defendant's family circumstances and the COVID-19 prison conditions do not together establish an extraordinary and compelling reason.

---

[17] Defendant's teenage son appears to live in the United States. Defendant, however, states that he will be deported when he is released from prison, and thus he will not be present in the United States.

[18] U.S.S.G.§ 1B1.13(b)(3).

[19] *Id*. (emphasis added).

Finally, Defendant contends that his personal rehabilitation in prison warrants a sentence reduction. He states that he has successfully completed drug abuse and parenting classes and has a "spotless" disciplinary record. Although the Court commends Defendant on his successful program completions and excellent disciplinary record in prison, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[20] Defendant's previous reasons fail to establish extraordinary and compelling reasons warranting a sentence reduction, and the additional consideration of Defendant's rehabilitation in prison does not tip the balance. Accordingly, the Court finds that Defendant fails to establish an extraordinary and compelling reason warranting a sentence reduction.

**C.     Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[21] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[22]

Defendant pleaded guilty to the serious offenses of conspiracy to distribute methamphetamine and possession of a firearm by a prohibited person. A significant amount of methamphetamine and numerous firearms were found in the search of his home. The sentencing guideline range was 188 to 235 months based on Defendant's offense level and criminal history

---

[20] 28 U.S.C. § 994(t).

[21] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[22] 18 U.S.C. § 3553(a).

category. Defendant, however, received a downward departure to 168 months' imprisonment. The Court finds that the 168-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a). Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant a sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Term of Imprisonment (Doc. 128) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of January, 2024.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE