## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff,*

  vs.                                  Case No. 19-10002-02-EFM

LUIS M. HERNANDEZ,

        *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Luis M. Hernandez's Motion to Reduce Sentence (Doc. 140).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On September 21, 2020, Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). On April 15, 2021, Defendant was

---

[1] The Federal Public Defender's Office declined to represent Defendant in this matter.

sentenced to 168 months' imprisonment.  Defendant submitted a request for sentence reduction on April 26, 2024.[2]

Defendant does not set forth a specific reason as to why his sentence should be reduced but instead simply states that he believes he qualifies for a reduction under Amendment 821 of the revised sentencing guidelines.  Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[3]  Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[4]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[5]  Part A of Amendment 821 limits the impact criminal history points, or "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[6]  Relevant to the facts in this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[7]

---

[2] Defendant also submitted a Motion to Reduce Term of Imprisonment on November 13, 2023.  The Court denied this motion on January 4, 2024.

[3] 18 U.S.C. § 3582(c)(2).

[4] *Id.*

[5] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[6] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited June 11, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[7] U.S.S.G. § 4A1.1.  Defendant is not a zero-point offender.

In this case, Defendant would qualify for a reduction in his criminal history score.  Instead of receiving two points because he committed the instant crime under a criminal justice sentence, he would not receive any additional points.[8]  Thus, under the amended guidelines, his criminal history points would drop from three to one, and his Criminal History Category would drop from II to I.  Based on an adjusted Criminal History Category of I and a total offense level of 35, his guideline sentence would decrease from 188-235 months to 168-210 months.

Defendant, however, is still not entitled to a reduction.  He was sentenced to 168 months' imprisonment, which is the low end of the amended guideline range.  Pursuant to 18 U.S.C. § 3582(c)(2), the Court may only reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission."  And U.S.S.G. § 1B1.10(b)(2)(A) states that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."  Because Defendant's 168-month sentence is already the minimum of the amended guideline range, Defendant is not eligible for a sentence reduction.  Accordingly, the Court dismisses Defendant's motion.[9]

---

[8] *See* U.S.S.G. § 4A1.1(e) (stating that a defendant will receive an additional one point if the defendant "committed the instant offense while under any criminal justice sentence" and received seven or more points in the previous subsections).  Under the amended guidelines, Defendant would only have one point from the previous subsections, and thus he would not receive an additional point for committing the offense while under a criminal justice sentence.

[9] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 140) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE